UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMAR HAMILTON,

      Plaintiff,

v.                                                                     Case No. 3:26-cv-84-MMH-PDB

DEPARTMENT OF CORRECTIONS
and WARDEN TRAVIS LAMB,

      Defendants.

_____

## ORDER

Plaintiff Jamar Hamilton, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). He names two Defendants, the Florida Department of Corrections (FDC) and the Warden of the Reception and Medical Center (RMC), for his alleged illegal arrest on September 15, 2022. See Complaint at 1, 8. He asserts that he has "discover[ed] new evidence" since his conviction that shows he was illegally arrested and "falsely imprisoned." Id. at 8. As relief, Hamilton seeks "restitution" and punitive damages. Id. at 10.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks

monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v.

---

[1] Hamilton requests to proceed as a pauper. See Motion (Doc. 2).

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

2

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]"

the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a

4

federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Hamilton's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Hamilton's Complaint is subject to dismissal pursuant to the Court's screening obligation. Accepting as true that Hamilton was unlawfully arrested on September 15, 2022, neither the FDC nor its officials were involved in the arrest. In other words, Hamilton alleges no facts demonstrating "an affirmative causal connection between the [named Defendants'] acts or omissions and the alleged constitutional deprivation." See Zatler, 802 F.2d at 401. Regardless, the state of Florida, including a state agency such as the FDC, is not a person subject to monetary liability under § 1983. Gardner v. Riska,

5

444 F. App'x 353, 355 (11th Cir. 2011);[3] see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding an official-capacity suit is essentially a suit against the state, which is not a "person[] under § 1983").

Hamilton also fails to allege any facts permitting a reasonable inference that the arresting officers violated his Fourth Amendment rights. His conclusory allegation that he was "arrested illegally due to invalid warrants" amounts to no "more than an unadorned, the-[unnamed] defendant-unlawfully-harmed-me accusation," which is insufficient to state a claim for relief. See Iqbal, 556 U.S. at 678. Notably, according to Hamilton's state court docket, see State v. Hamilton, No. 2022-CF-1587 (Fla. 7th Cir. Ct.),[4] he entered a plea of nolo contendere on July 28, 2023, which defeats a false arrest claim. See Stephens v. DeGiovanni, 852 F.3d 1298, 1320 & n.20 (11th Cir. 2017)

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] A district court may take judicial notice of the contents of a publicly available docket sheet. See McDowell Bey v. Vega, 588 F. App'x 923, 926 (11th Cir. 2014) (holding the district court did not err in dismissing a complaint based in part on review of the plaintiff's state criminal docket, which showed officers had probable cause to arrest him). According to the state court docket, Hamilton filed a motion for postconviction relief on January 9, 2026, in which he complains that his trial counsel was ineffective for failing to investigate the validity of his arrest warrant. See State v. Hamilton, No. 2022-CF-1587 (Fla. 7th Cir. Ct.).

("[The plaintiff] provided probable cause for his arrest by his nolo contendere plea, which defeated the false-arrest cause of action in his § 1983 case.").

To the extent Hamilton seeks to challenge the validity of his conviction and sentence, he may not obtain relief through a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (noting that "if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence," the inmate's claim should not be raised in a § 1983 action). Rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Therefore, it is now **ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6 3/10
c:    Jamar Hamilton